UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JUDGE SPRIZZO 

JOSEPH M. JABBOUR, M.D.,

Plaintiff,

07 CIV 7874

Docket No. 07 Civ. _____

-against-

PENN MUTUAL LIFE INSURANCE COMPANY,

Defendant.

**COMPLAINT**

**Jury Trial Demanded**



RECEIVED
SEP 07 2007
U.S.D.C. S.D. N.Y.
CASHIERS

Plaintiff, JOSEPH J. JABBOUR, by and through his attorneys, Evan Sarzin, P.C., complaining of the defendant, respectfully alleges:

<u>Jurisdiction and Venue</u>

1.    This court has jurisdiction over the subject matter of this action, by reason of diversity of citizenship, pursuant to 28 U.S.C. § 1332, as the plaintiff is a citizen of the Commonwealth of Virginia and the defendant corporation is a citizen of the Commonwealth of Massachusetts, and the amount in controversy is in excess of $75,000.00, exclusive of interest, and costs and disbursements.

2.    The amount in controversy exceeds $75,000 for the following reason:

    a.    The object of the litigation is the plaintiff's entitlement to receive Total Disability benefits of $7,000 per month for the duration of his life, which has an expected duration in excess of one year. The amount for just one year of the policy is $84,000.00, thereby exceeding the jurisdictional amount. In addition, plaintiff is seeking to recover an underpayment of $16,380, for the period January 2003 to date.

3.    Venue is properly placed in this district, pursuant to 28 U.S.C. § 1391 as the place where

      a.    plaintiff resided at the time of the making of the insurance contracts;

      b.    a substantial part of the events giving rise to the claim occurred; and

      c.    The defendant is subject to personal jurisdiction in this judicial district, having a business office at, among other places, 2 Park Avenue, New York, New York, and therefore being subject to personal jurisdiction herein at the time of commencement of this action.

4.    At all relevant times, plaintiff was the insured under a contract of disability insurance issued by defendant, under Policy No. H7431489 (hereafter PM 1). A copy of PM 1 is attached hereto and made a part hereof as **Exhibit A**.

5.    At all relevant times, including June 2002, PM 1 was in full force and effect, and all premiums owed by plaintiff on said policy had been fully paid.

6.    The Total Disability Rider of the policy provides among other things:

      You will be considered totally disabled if all these conditions are met:

- You are unable to do the substantial and material duties of your regular occupation. Your *regular occupation* is your usual work when total disability starts....
- Your total disability starts while this policy is in force.
- Your total disability results from sickness or injury.
- You are under a doctor's care

7.    On or about June 21, 2002, plaintiff made a claim to defendant of Total Disability under PM 1.

8.    Under PM 1, defendant is obligated to pay to plaintiff the sum of $3,000.00 for the life of the plaintiff.

9.    At all relevant times, plaintiff was the insured under a contract of disability insurance issued by defendant, under Policy No. 7428811. A copy of PM 2 is attached hereto and made a part hereof as **Exhibit B**.

10.    At all relevant times, including June 2002, PM 2 was in full force and effect, and all premiums owed by plaintiff on said policy had been fully paid.

The Total Disability Rider contained in the policy provides among other things:

> You will be considered totally disabled if all these conditions are met:

> - You are unable to do the substantial and material duties of your regular occupation. Your *regular occupation* is your usual work when total disability starts....
> - Your total disability starts while this policy is in force.
> - Your total disability results from sickness or injury.
> - You are under a doctor's care

11.    On or about June 27, 2007, plaintiff made a claim to defendant a claim of Total Disability under PM 2.

12.    On the date of filing his claim for Total Disability,

a.    Plaintiff was engaged in the practice of plastic surgery.

b.    Was under the care of a physician

c.    Was unable to perform plastic surgery due to a disease or illness

13.    Under PM 2, defendant is obligated to pay to plaintiff the sum of $4,000.00 for the life of the plaintiff.

14.    As of the time of the filing of the claims under PM 1 and 2, the plaintiff was qualified to receive Total Disability benefits under PM 1 and 2.

15.   To date defendant has refused to recognize the plaintiff's entitlement to receive full payment of benefit Total Disability benefits for the duration of plaintiff's lifetime or to pay full benefits to date.

16.   To date, defendant has underpaid plaintiff in the amount of $16,380.00.

17.   Plaintiff has fully complied with all of his obligations under PM 1 and PM 2, including, among other things, the filing of written proofs of loss, under each of the policies, more than sixty days prior to the commencement of this action.

   WHEREFORE, plaintiff demands judgment against the defendant declaring that pursuant to PM 1 and 2, plaintiff is Totally Disabled under the terms of both policies; is entitled to receive the sum of $7,000 per month for the duration of his life as the combined benefit under both policies; and is entitled to a money judgment in the sum of $16,380.00 as and for underpayment of benefits from January 2003 to date, together with interest from January 1, 2006, and the costs and disbursements of this action

Dated: September 6, 2007

Evan Sarzin (ES-3709)
Evan Sarzin, P.C.
40 Exchange Place - Suite 1300
New York NY 10005
Tel. 212-344-6500
evansarzin@cs.com

Law Offices of Evan Sarzin, P.C.

# EXHIBIT "A"

# The Penn Mutual Life Insurance Company

### Founded 1847

## *Noncancellable and Guaranteed Continuable to Age 65 at Guaranteed Premiums*

*Please Read This Policy Carefully*

This policy is a legal contract between you and us. *Please read it carefully.* We want you to understand the coverage it provides.

**IMPORTANT NOTICE**

**CONCERNING STATEMENTS IN THE APPLICATION FOR YOUR INSURANCE**

Please read the copy of the application attached to this policy. Omissions or misstatements in the application could cause an otherwise valid claim to be denied. Carefully check the application and write to us at One Market Place, Springfield, Massachusetts 01133 within ten days if any information shown on the application is not correct and complete, or if any past medical history has been left out of the application. This application is a part of the policy and the policy was issued on the basis that the answers to all questions and the information shown on the application are correct and complete.

7156

the Insured shown in the policy schedule. *We* or ...urance Company.

, we insure you against disability or other loss ...

own while this policy is in force; or ...jury that occurs while this policy is in force.

...he words sickness and injury as we have just ...

...eed premiums to the premium due date on or ...g as you pay premiums we cannot cancel this ...ase the premium.

...he premiums, you can continue coverage if you ...st 30 hours per week. After age 65 premium ... 8 for additional information.

*Ten-Day Right to Examine This Policy*

You can return this policy within 10 days after receiving it. Mail or deliver it to our Disability Income Division or to the agent who sold it. The returned policy will be treated as if we never issued it. We will promptly refund any premium paid.

*[signature] Secretary*

*[signature] Frank K. Tarbox — Chairman and Chief Executive*

*Countersigned by* _____ *Licensed Resident Agent*

A mutual company
Home office: Independence Square, Philadelphia, Pennsylvania 19172
Disability Income Division: 1250 State Street, Springfield, Massachusetts 01133



DCDR-82

84142
45844

| INSURED | JOSEPH M JABBOUR MD | Policy Schedule |
|---|---|---|
| POLICY NUMBER | H7431489 | DCDR-82 |
| DATE OF ISSUE | OCTOBER 21, 1985 | PAGE 1 OF 2 |
| POLICY DATE | NOVEMBER 1, 1985 | *Policy Inspector* |

DISABILITY INCOME POLICY

DUPLICATE  DUPLICATE

# The Penn Mutual Life Insurance Company

## Founded 1847

## *Noncancellable and Guaranteed Continuable to Age 65 at Guaranteed Premiums*

**Please Read This Policy Carefully**

This policy is a legal contract between you and us. *Please read it carefully.* We want you to understand the coverage it provides.

In this policy, the word *you* refers to the Insured shown in the policy schedule. *We* or *us* refers to The Penn Mutual Life Insurance Company.

**Coverage Provided by This Policy**

Subject to all provisions of this policy, we insure you against disability or other loss resulting from:

* *sickness*, which first makes itself known while this policy is in force; or
* *injury*, which is accidental bodily injury that occurs while this policy is in force.

Throughout this policy, we will use the words sickness and injury as we have just defined them.

**Your Right to Continue Coverage**

You can continue coverage at guaranteed premiums to the premium due date on or next after your 65th birthday. As long as you pay premiums we cannot cancel this policy, change any provisions or increase the premium.

Between ages 65 and 72, if you pay the premiums, you can continue coverage if you are gainfully working full-time, at least 30 hours per week. After age 65 premium increases may be required. See section 8 for additional information.

**Ten-Day Right to Examine This Policy**

You can return this policy within 10 days after receiving it. Mail or deliver it to our Disability Income Division or to the agent who sold it. The returned policy will be treated as if we never issued it. We will promptly refund any premium paid.

*Isabel R. Wilson*
Secretary

*Frank K. Tarbox*
Chairman and Chief Executive



**DUPLICATE**

Countersigned
by _____

_____ Licensed Resident Agent

A mutual company
Home office: Independence Square, Philadelphia, Pennsylvania 19172
Disability Income Division: 1250 State Street, Springfield, Massachusetts 01133

DCDR-82

.84142

45844

| INSURED | JOSEPH M JABBOUR MD | Policy Schedule |
|---|---|---|
| POLICY NUMBER | H7431489 | DCDR-82 |
| DATE OF ISSUE | OCTOBER 21, 1985 | PAGE 1 OF 2 |
| POLICY DATE | NOVEMBER 1, 1985 | |

Policy Inspector

## ADDITIONAL BENEFITS PROVIDED BY RIDER

### ADDITIONAL RIDER BENEFITS

| RIDER | SPECIFICATIONS | ANNUAL PREMIUM | PREMIUM PAYABLE TO PREMIUM DUE DATE ON OR NEXT FOLLOWING |
|---|---|---|---|
| 84055 | LIFETIME BENEFIT FOR SPECIFIED LOSS | $3.00 | 65TH BIRTHDAY |

>   >   >   >   >   <   <   <   <   <

### OTHER RIDERS AND ENDORSEMENTS
### (RIDER AND STAMP NUMBERS)

| | | |
|---|---|---|
| 84107 (RIDER) | 84008 (RIDER) | 84014 (RIDER) |
| 84147 (RIDER) | 80152 (STAMP) | 87158 (CARD) |
| 84162 | | |

DUPLICATE

| | | |
|---|---|---|
| INSURED | JOSEPH M JABBOUR MD | *Policy Schedule* |

ICY NUMBER    H7431489

E OF ISSUE    OCTOBER 21, 1985

OLICY DATE    NOVEMBER 1, 1985

PAGE 2 OF 2

Policy Inspector

DISABILITY INCOME POLICY

# *Policy Contents*

**Sections in This Policy**

3 Your Contract With Us
3 Disabilities Defined
4 Disability Benefits
5 Losses Not Covered
5 Other Provisions Affecting Benefits
6 Claims for Benefits
7 Your Premium Payments
8 Continuing This Policy
8 Other Important Provisions

**Where to Find It**

9 authority to make changes
7 beneficiary
6 claim procedure
8 contesting this policy
8 continuing this policy
5 continuous periods of disability
3 contract
12 dividends
3 earnings
3 effective date
4 First Benefit Day
7 grace period
1 injury
7 legal actions
4 Maximum Benefit Period
4 Monthly Benefit for Total Disability
8 military service

2 notices to us
5 not covered
7 premium payments
8 premium refund at death
4 presumptive total disability
3 reasonable occupation
3 regular occupation
reinstating this policy
residual disability benefit
3 residual disability defined
1 sickness
4 total disability benefit
3 total disability defined
9 transfer of rights
6 transplant donor
5 waiver of premiums

**Policy Schedule**

The policy schedule comes right after this page. It gives specific facts about this policy and its coverages. Please refer to it while reading this policy.

**Sending Notice to Us**

Any written notices or other correspondence should be sent to our Disability Income Division. The address is shown on the front of this policy. Please include your name and policy number.

DUPLICATE

2

# Section 1. Your Contract With Us

**This Policy Is A Contract**

This policy is a contract between you and us. We provide the insurance coverage stated in this policy. We do this in return for your application and payments called premiums. The premiums for this policy are shown in the policy schedule.

Whenever we use the word *policy*, we mean the entire contract. The entire contract consists of:

- the basic policy;
- the application, a copy of which is attached; and
- any attached riders or endorsements.

Riders and endorsements add provisions or change the terms of the basic policy.

**Policy Effective Date**

This policy goes into effect on the Date of Issue, or on the day we receive the full first premium if later.

The full first premium is the premium under the payment plan you choose. See Section 7 for the premium payment plans permitted under this policy.

**Policy Date**

The Policy Date is shown in the policy schedule. It is used to figure all premium due dates, policy years and anniversaries.

# Section 2. Disabilities Defined

This policy provides benefits for total and residual disability. Here we explain what these terms mean. We also define other terms used in this policy.

**Total Disability Defined**

You will be considered *totally disabled* if all these conditions are met:

- You are unable to do the substantial and material duties of your regular occupation. Your *regular occupation* is your usual work when total disability starts. If you are retired and not working when total disability starts, your regular occupation will be the normal activities of a retired person of like age and sex.
- Your total disability starts while this policy is in force.
- Your total disability results from sickness or injury.
- You are under a doctor's care. *Doctor* means a licensed physician other than yourself.

However, after 60 months of continuous total disability from the First Benefit Day, you must also meet this condition:

- You are not working in any reasonable occupation. A *reasonable occupation* is any gainful work you can do based on your education, training or experience, and with due regard to your earnings before total disability starts.

**Residual Disability Defined**

You will be considered *residually disabled* if all these conditions are met:

- You are able to do some but not all of  the substantial and material duties of your regular occupation, or you are able to do all of the substantial and material duties of your regular occupation but for less than full-time:
- You are working, and your earnings during a month do not exceed 80% of your pre-disability earnings.
- Your residual disability results from sickness or injury.
- You are under a doctor's care.

*How We Calculate Your Loss of Earnings*

Your *loss of earnings* equals your pre-disability earnings minus your earnings during each month of residual disability. Your *earnings* means compensation for work you have done. For instance, salary, wages, commissions or fees. Earnings are credited to the period in which they are earned, not the period in which they are actually received. Earnings do not include:

- dividends, interest, rent, royalties or other investment income;
- income from any annuity, pension or deferred compensation plan; or

SEE ATTACHED RIDER TITLED DEFINITION OF TOTAL DISABILITY RIDER

DUPLICATE

FAMP No. 80152

3

**Residual Disability Defined (Continued)**

- amounts deductible from gross income as a business expense for federal income tax purposes.

Your *pre-disability earnings* means the greater of:

- your average monthly earnings for the 12 months before disability starts; or
- your highest average monthly earnings for any 24 consecutive months in the 36 months before disability starts.

We will require reasonable proof of any loss of earnings.

---

**Presumptive Total Disability**

If sickness or injury results in a specified loss, then you will be deemed to be totally disabled for as long as the loss lasts. You will be deemed totally disabled even if you are working. You will not need to be under a doctor's care. A specified loss is total and permanent loss of:

- sight, speech or hearing;
- use of both hands or both feet; or
- use of a hand and a foot

If a specified loss occurs, the First Benefit Day for total disability will not be later than the date of loss.

---

# Section 3. Disability Benefits

**Total Disability Benefit**

Starting with the First Benefit Day shown in the policy schedule we will pay you a benefit for each total disability. We will pay the benefit for as long as your total disability continues. But we will not pay benefits if the combined period for which total and residual disability benefits are paid exceeds the Maximum Benefit Period shown in the policy schedule.

*Amount of The Benefit*
For each full month of total disability, we will pay you the Monthly Benefit for Total Disability. The amount of this benefit is shown in the policy schedule. For each day of a period of total disability that is less than a month we will pay 1/30th of this benefit.

**Residual Disability Benefit**

Starting with the First Benefit Day shown in the policy schedule we will pay you a benefit for each residual disability. We will pay the benefit for as long as your residual disability continues. But we will not pay residual disability benefits:

- if the combined period for which total and residual disability benefits are paid exceeds the Maximum Benefit Period;
- for longer than 36 months, if disability begins after your 55th birthday and you were not totally disabled for at least 180 days; or
- beyond your 65th birthday.

*For example: Suppose your First Benefit Day is the 31st day of total and/or residual disability. You are residually disabled for 3 months and totally disabled thereafter. You would not receive benefits for the first 30 days. But you would receive residual disability benefits for the next 2 months and then total disability benefits thereafter.*

*Amount of The Benefit*
For each month during which you are residually disabled, we will pay you a portion of the Monthly Benefit for Total Disability. The portion is your loss of earnings divided by your pre-disability earnings.

4

000404

| | |
|---|---|
| **Residual Disability Benefit (Continued)** | *For example: Suppose you are residually disabled. Your current monthly earnings are $2,000. Your pre-disability earnings were $5,000. Your loss of earnings is $3,000. Your residual disability benefit for that month will be 60% ($3,000/$5,000) of the Monthly Benefit for Total Disability.*<br><br>During the first six months in which you are entitled to residual benefits we will pay you the greater of:<br>• 50% of the Monthly Benefit for Total Disability; or<br>• the residual disability benefit determined for each month.<br><br>If your loss of earnings is more than 80% of your pre-disability earnings, we will pay you the full Monthly Benefit for Total Disability.<br><br>If benefits during a month are paid for both total and residual disability the combined benefit for that month cannot exceed the Monthly Benefit for Total Disability. |
| **Benefit If You Die While Disabled** | If you die while receiving benefits under this policy and if you were totally disabled for at least 24 months prior to your date of death, we will pay a benefit to your beneficiary. We will pay the Monthly Benefit for Total Disability for up to three months but not beyond the remainder of the Maximum Benefit Period.<br><br>We must receive written notice of your death. See *Notice of Claim* in Section 6. |
| **Waiver of Premiums** | If you are totally and/or residually disabled for a continuous period of at least 90 days:<br>• we will waive premiums coming due during the disability; and<br>• we will refund any payments made for premiums due during the disability.<br><br>We will continue to waive premiums until you are no longer totally or residually disabled. But no premium due on or after your 65th birthday will be waived or refunded.<br><br>While premiums are waived, this policy stays in force even though you do not pay premiums. Once premiums are no longer waived, this policy stays in force until the next premium due date. At that time premiums again become payable. |

# Section 4. Losses Not Covered

| | |
|---|---|
| **Pregnancy** | We do not cover disability or other loss resulting from childbirth or pregnancy, except complications of pregnancy. Complications are physical conditions doctors consider distinct from pregnancy even though caused or worsened by pregnancy.<br><br>An example of a complication is a caesarean birth. Examples of conditions that are not complications include false labor and morning sickness. |
| **War** | We do not cover disability or other loss resulting from any type of military conflict. This includes war, declared or not, or any act of war. |

# Section 5. Other Provisions Affecting Benefits

| | |
|---|---|
| **More Than One Disability at The Same Time** | In no event will you be considered to have more than one disability, total or residual, at the same time. Once a continuous period of disability starts, we consider it one period no matter what sicknesses or injuries cause it to continue. |
| **Continuous Periods of Disability** | A continuous period of disability ends when you are no longer totally or residually disabled. However, a later, separate period of disability will be considered continuous with a prior period if it:<br>• starts within 6 months after the end of the prior period; and<br>• results, in whole or in part, from the same or a related sickness or injury. |

5

| | |
|---|---|
| **Continuous Periods of Disability (Continued)** | If periods of disability are considered continuous, they count as a single period. The total and residual disability portions of this period count toward the same:<br>• First Benefit Day; and<br>• Maximum Benefit Period.<br><br>*For example: Suppose you suffer a heart attack. You receive total, then residual disability benefits for several months. You then return to work full-time, but 4 months later you are totally disabled by another heart attack. The disability periods are considered continuous. You would receive benefits from the first day of this later period for up to the remainder of the Maximum Benefit Period.* |
| **Rehabilitation** | We will consider helping you pay the costs of a rehabilitation program if you are receiving total disability benefits under this policy. You must send us a written request. The extent of our help will be determined by written agreement with you. Total Disability benefits will be continued during the rehabilitation program. |
| **Transplant Donor** | You might be disabled from the transplant of part of your body to the body of another. If the transplant occurs while this policy is in force, we will consider the disability as resulting from sickness. |

## Section 6: Claims for Benefits

For you to receive benefits, we must receive:
• written notice of your claim to benefits; and
• proof of your loss.

The details on how to claim benefits are discussed below.



| | |
|---|---|
| **Notice of Claim** | You or your beneficiary must give us written notice of claim within 20 days after any covered loss starts or as soon as reasonably possible. Someone acting for you or your beneficiary can give notice instead. Send notice to us or to any of our agents. The notice should include your name and policy number. |
| **Claim Forms** | When we receive your notice of claim, we will send you claim forms. These forms ask for facts that prove your loss. We will send you these forms within 15 days after you give notice. If we do not, we will accept your written proof of your loss. The proof must describe how the loss occurred, its nature and its extent. This proof must be given within the time stated under *Proofs of Loss* in this Section. |
| **Proofs of Loss** | You must give us written proof of loss within 90 days after:<br>• each total or residual disability period for which we are liable; or<br>• the occurrence of any other loss for which you are covered.<br><br>If you fail to give proof within this time because it is not reasonably possible, we will not reduce or deny your claim. But you must give proof of loss as soon as it is reasonably possible to do so. And you must give this proof within one year after the time limit unless you are legally unable to do so. |
| **Time of Payment of Claims** | After we receive proof of loss, we will pay monthly all benefits then due for total or residual disability. When disability ends, we will pay any balance due as soon as we receive proof of loss.<br><br>We will pay benefits for any other loss as soon as we receive proof of loss. |

6

| | |
|---|---|
| *Payment of Claims* | Benefits for loss of life, if any, will be paid to the named beneficiary. If none is named, we will pay such benefits to your estate. We will pay all other benefits to you. If we still owe you benefits at your death, we will pay your beneficiary or estate. |
| | If any benefit is payable to your estate, we can pay up to $1,000 to any relative by blood or marriage we believe is entitled to it. The same applies for benefits payable to you or a beneficiary who cannot give a valid release. Any such payment we make in good faith fulfills our obligation to the extent of the payment. |
| *Physical Examinations* | We can require you to have a physical examination as often as is reasonable while a claim is pending. We will pay its cost. |
| *Legal Actions* | You cannot start any legal action against us for benefits until 60 days after you give required proof of loss. See *Proofs of Loss* in this Section. You also cannot start any legal action more than 3 years after the time limit for giving proof of loss. |
| *Change of Beneficiary* | You may name one or more beneficiaries to receive any accrued benefits or other amounts payable at your death. You can change the beneficiary at any time by giving us written notice. Unless the designation of the beneficiary is irrevocable, his or her consent is not required to:<br>• change the beneficiary; or<br>• make any other changes in this policy. |
| *Error in Age or Sex* | If your age or sex has been misstated, the benefits under this policy will be those the premiums paid would have bought at the correct age and sex. |






## Section 7. Your Premium Payments

| | |
|---|---|
| *When to Pay Premiums* | The premiums for this policy are shown in the policy schedule. Premiums are payable during your lifetime for the period shown in the policy schedule. |
| | You can pay premiums annually, semiannually or quarterly. With our consent, you can pay on a monthly basis. But you cannot change to a less frequent payment plan while you are totally or residually disabled. |
| *Grace Period* | After the first premium, you can pay any premium within 31 days after its due date. These 31 days are called the grace period. During this period this policy stays in force. |
| *Reinstatement* | If you do not pay a premium by the end of its grace period, this policy ceases to be in force. However, we may allow this policy to be reinstated. |
| | If we or one of our agents later accepts the premium without requiring a reinstatement application, this policy is reinstated. If a reinstatement application is required, you will be given a conditional receipt for the premium. This policy is then reinstated as of the approval date if we approve your application. Lacking such approval, this policy will be reinstated on the 45th day after the date of the receipt if we do not send you notice of disapproval by then. |
| | The reinstated policy will only cover disability or other loss resulting from:<br>• injury that occurs after the reinstatement date; or<br>• sickness that first makes itself known more than ten days after the reinstatement date. |
| | In all other respects your rights and ours remain the same, subject to any riders or endorsements added to this policy at the time of reinstatement. |

| Premium Refund at Death | We will refund that part of any premium paid which covers a period after your death. We must receive written notice of your death. See *Notice of Claim* in Section 6. |

# Section 8. Continuing This Policy

In this Section we explain how you can continue this policy. We also describe how you can suspend coverage while in military service.

**Your Right to Continue This Policy to Age 65**

You can continue this policy until the premium due date on or next after your 65th birthday. As long as you pay the premiums shown in the policy schedule on time:

- we cannot cancel this policy;
- we cannot change any provision or add any restriction; and
- we cannot increase the premium or add any charge for this policy.

**Your Right to Continue This Policy Between Ages 65 and 72**

*Continuing This Policy While Regularly and Gainfully Working Full-time and Not Disabled*

You can continue this policy after your 65th birthday as long as both these conditions are met:

- You pay the required premiums on time.
- You are regularly and gainfully working full-time, at least 30 hours a week. We can require reasonable proof of such work.

This policy may be continued until the earlier of:

- the first premium due date on which you are no longer regularly and gainfully working full-time; or
- the premium due date on or next after your 72nd birthday.

If we accept a premium covering a period after the policy ends, this policy will stay in force until the end of the period.

*Premium Increase May be Required*

Premiums payable after age 65 will be based on our rates then in effect for insureds aged 65 in your rate class. We have the right at any time after age 65 to change our rates for this policy. But we cannot change your rate class.



**Your Right to Suspend Coverage During Military Service**

You have the right to suspend this policy if you enter full-time active duty in the United States armed forces. Active duty does not include training that lasts 3 months or less. You must send us written notice that you want to suspend. Coverage will cease as of the day we receive your notice. And we will refund that part of any premium paid covering the suspended period.

If you end active duty within 5 years from the date this policy is suspended, you can reinstate this policy under this provision. You will not have to prove you are still insurable. You must send us written notice that you want to reinstate. And you must pay the required premium within 3 months after your active duty ends. Premiums will be at the same rate as if this policy had not been suspended. Your rights and ours under the reinstated policy will both be the same as under the policy before the date on which coverage was suspended.

# Section 9. Other Important Provisions

**Contesting This Policy**

*Misstatements in The Application*

We rely on the statements you make in your application. We will not contest those statements after this policy has been in effect for 2 years during your lifetime. Any length of time you are disabled is excluded in computing this 2 year period.

8

| | |
|---|---|
| *Contesting This Policy (Continued)* | *Pre-Existing Conditions Limitations*<br>If disability starts or a loss is incurred more than 2 years after the Date of Issue, we will not reduce or deny the claim on the ground that a sickness or physical condition existed before this policy's effective date. This does not apply to any sickness or physical condition excluded from coverage by name or specific description. |
| *Transfer of Rights* | You can assign any rights you have under this policy. But no assignment is binding on us until we receive a copy of it. We are not responsible for the validity of any assignment. |
| *Authority to Make Changes* | No change in this policy will be valid until approved by one of our executive officers. This approval must be attached to this policy or endorsed on it. No agent has authority to change or waive any of the provisions of this policy. |
| *State Laws* | Any provision of this policy that, on the policy effective date, conflicts with state laws where you then reside is changed to meet the minimum requirements of those laws. |

DUPLICATE

9



# The Penn Mutual
# Life Insurance Company

Disability Income Division: Springfield, Massachusetts 01133

## *Lifetime Benefit For Specified Loss Rider*

This rider provides lifetime benefits if you sustain a specified loss.

| | |
|---|---|
| *Maximum Benefit Period Extension* | We will extend the Maximum Benefit Period for this policy shown in the policy schedule if sickness or injury results in a specified loss. A specified loss is total and permanent loss prior to your 60th birthday of:<br>• sight, speech or hearing;<br>• use of both hands or both both feet; or<br>• use of a hand and a foot.<br><br>If a specified loss occurs, the Maximum Benefit Period will be changed to read as follows:<br><br>MAXIMUM BENEFIT PERIOD:<br><br>YOUR LIFETIME IF TOTAL DISABILITY STARTS BEFORE YOUR 60TH BIRTHDAY, OTHERWISE UNTIL YOUR 65TH BIRTHDAY BUT NOT LESS THAN 24 MONTHS |
| *Rider Termination* | This rider will end on the premium due date on or next after your 65th birthday. When this rider ends, we will no longer charge you a premium for it. |
| *Premiums for This Rider* | The annual premium for this rider is shown in the policy schedule. |

This rider is a part of the policy to which it is attached.

_Isabel R. Wilson_
Secretary

_John E. Tait_
Chairman and Chief Executive Officer

DUPLICATE

84055



# The Penn Mutual
# Life Insurance Company

Disability Income Division: Springfield, Massachusetts 01133

---

## *Ten Percent Premium Reduction Rider*

**Premium Reduction**   The premiums otherwise payable for this policy will be reduced by 10%.

This rider is a part of the policy to which it is attached.

*Isabel R. Wilson*
Secretary

*Frank K. Tarbox*
Chairman and Chief Executive

# DUPLICATE



# The Penn Mutual
# Life Insurance Company

Disability Income Division: Springfield, Massachusetts 01133

## Policy Amendment Rider

In this policy there is the Section *Your Premium Payments*. The following provision is added to this Section.

| | |
|---|---|
| **Pattern of Premium Payments** | The premiums for this policy will increase on the date shown in the policy schedule. |

You have the right to increase your premium payments before that date. The new premium will be payable for your lifetime but not beyond the premium due date on or next after your 65th birthday. This change will be made subject to the following conditions:

- You must request the change in writing.
- You must pay any additional premium required.
- The change cannot be made earlier than the premium due date on or after the later of:
  a) your 28th birthday; or
  b) the third anniversary of this policy.

The new premium for the policy will be equal to 92% of our rates in effect on the Date of Issue for your rate class on that date. But the premium will be for your age on the date of change.

This rider is a part of the policy to which it is attached.

*Laura M. Ritzho*
Secretary

*Robert E. Chappell*
Chairman and Chief Executive Officer

DUPLICATE

84014

(PMUT-RIDER-84014)



# The Penn Mutual
# Life Insurance Company

Disability Income Division: Springfield, Massachusetts 01133

---

## *Policy Amendment Rider*

In this policy there is the Section *Continuing This Policy*. This Section is amended as follows.

---

We will consider disability which results solely from injury which is incurred while the policy is in force and which starts within 30 days after this policy ends as starting while this policy is in force.

---

This rider is a part of the policy to which it is attached.

_Secretary_                              _Frank K. Tarbox_
Secretary                              Chairman and Chief Executive

DUPLICATE

84147



# The Penn Mutual
# Life Insurance Company

Disability Income Division:  Springfield, Massachusetts 01133

---

## *Policy Amendment Rider*

In this policy there is the provision *Residual Disability Benefit*. This provision is changed to read as follows.

*Residual Disability Benefit*

Starting with the First Benefit Day shown in the policy schedule we will pay you a benefit for each residual disability. We will pay the benefit for as long as your residual disability continues. But we will not pay residual disability benefits if the combined period for which total and residual disability benefits are paid exceeds the Maximum Benefit Period.

Also, we will not pay residual benefits:
• beyond your 65th birthday if disability benefits start before your 64th birthday;
• for longer than 12 months, if disability starts between your 64th and 65th birthday; or
• if disability starts after your 65th birthday.

*For example: Suppose your First Benefit Day is the 31st day of total and/or residual disability. You are residually disabled for 3 months and totally disabled thereafter. You would not receive benefits for the first 30 days. But you would receive residual disability benefits for the next 2 months and then total disability benefits thereafter.*

*Amount of The Benefit*
For each month during which you are residually disabled, we will pay you a portion of the Monthly Benefit for Total Disability. The portion is your loss of earnings divided by your pre-disability earnings.

*For example: Suppose you are residually disabled. Your current monthly earnings are $2,000. Your pre-disability earnings were $5,000. Your loss of earnings is $3,000. Your residual disability benefit for that month will be 60% ($3,000/$5,000) of the Monthly Benefit for Total Disability.*

During the first six months in which you are entitled to residual benefits we will pay you the greater of:
• 50% of the Monthly Benefit for Total Disability; or
• the residual disability benefit determined for each month.

If your loss of earnings is more than 80% of your pre-disability earnings, we will pay you the full Monthly Benefit for Total Disability.

If benefits during a month are paid for both total and residual disability the combined benefit for that month cannot exceed the Monthly Benefit for Total Disability.

---

This rider is a part of the policy to which it is attached.

*Isabel R. Welam*
Secretary

*Frank K. Tarbox*
Chairman and Chief Executive

DUPLICATE



**THE PENN MUTUAL LIFE INSURANCE COMPANY**
HOME OFFICE: PHILADELPHIA, PENNSYLVANIA
Disability Income Division: 1250 State Street, Springfield, Massachusetts 01133

**Application For Health Insurance**

## Ⓐ PROPOSED INSURED

**1.** PRINT NAME AS IT IS TO APPEAR ON POLICY: JOSEPH M. JABBOUR MD

POLICY NUMBER: 7431459

**2.** ☐ Mr. ☐ Mrs. ☐ Miss ☐ Ms. ☒ Other title _DOCTOR_

**3.** SOCIAL SECURITY NUMBER: 069 - 40 - 3732

**4.** RESIDENCE
Street: 11 FIFTH AVENUE   Apt. No. 19K
City: NEW YORK   State: NY   Zip code: 10003

**5.** BIRTHDATE (MO / DAY / YR): 5-23-50
**6.** BIRTHPLACE (STATE): NEW YORK
**7.** HEIGHT: 6 Ft. 2 In.
**8.** WEIGHT: 185 Lbs.

**9.** SEX ☒ Male ☐ Female
**10.** MARITAL STATUS: MARRIED
**11.** PHONE NUMBER: (212) 674-0434

## Ⓑ PROPOSED INSURED'S OCCUPATION

**1.** EMPLOYER: SELF
**2.** PHONE NUMBER: (212) 674-5200

**3.** BUSINESS ADDRESS
Street: 20 FIFTH AVENUE
City: NEW YORK   State: N.Y.   Zip code: 10003

**4.** NATURE OF EMPLOYER'S BUSINESS: RECONSTRUCTIVE AND PLASTIC SURGERY PRACTICE

**5.** OCCUPATION AND EXACT DAILY DUTIES: MICROSURGEON AND ALL THE DUTIES PERTAINING TO THE PRACTICE OF RECONSTRUCTIVE PLASTIC SURGERY

**6.** LENGTH OF CURRENT EMPLOYMENT: 2 years
Are you actively working in your occupation? ☒ Yes ☐ No.

**7.** OTHER EMPLOYMENT LAST FIVE YEARS: NEW YORK UNIVERSITY - DEPT OF PLASTIC SURGERY AND RECONSTRUCTIVE PLASTIC SURGERY

**8.** Do you work part-time or have another full-time job? ☐ Yes ☒ No. If "Yes", describe.

## Ⓒ BASIC POLICY APPLIED FOR

|  | | POLICY FORM | BENEFIT AMOUNT | BENEFIT PERIOD | FIRST BENEFIT DAY |
|---|---|---|---|---|---|
| 1. Disability Income | a. | CDR-82NSPC | $ 3000 /mo. | AGE 65 | 6/1/21 |
|  | b. | | $ /mo. | | |
| 2. Overhead Expense | | | $ /mo. | | |

## Ⓓ OPTIONAL BENEFITS APPLIED FOR (Specify Benefit Name, Benefit Period and Amount, etc.)

STEP - RATE PLAN, LIFETIME EXTENSION, LOSS OF USE RIDER, INCLUDE VOLUME DISCOUNT, NON - SMOKER DISCOUNT, MAPS MEMBER DISCOUNT, AS PER PROPOSAL AND ISSUE AT AGE 35, SPECIALTY LETTER WITH POLICY - ISSUE CDR-82 CONTRACT AS PER PROPOSAL

## Ⓔ APPLICANT AND OWNER (If Other Than Proposed Insured)

**1.** NAME AND ADDRESS OF APPLICANT (IF OTHER THAN PROPOSED INSURED)

SOCIAL SECURITY NO. _ _ - _ _ - _ _

RELATIONSHIP TO PROPOSED INSURED

**2.** OWNER OF POLICY
☐ Proposed Insured ☐ Applicant

D-3862a

DUPLICATE

**Ⓟ MEDICAL HISTORY** *(Complete question 1 in ALL cases. Questions 2 through 6 may be omitted if a medical exam is being furnished.)*

| *Full details of all "yes" answers must be given below.* Identify question and give diagnoses, dates, durations and name and address of each attending doctor and/or medical facility. | YES | NO |
|---|---|---|
| 1. Has the Proposed Insured *within the past five years:* | | |
|   a. Been examined by or consulted a physician or other practitioner, had surgery or been an in-patient in a hospital, clinic, sanitorium or other medical facility? | ☒ | ☐ |
|   b. Had any treatment or medication prescribed or surgery advised? | ☐ | ☒ |
|   c. Ever been advised to have any diagnostic test, hospitalization or surgery which was not completed? | ☐ | ☒ |
|   d. Had an X-ray, ECG, blood, urine or other laboratory test? | ☐ | ☒ |
| 2. Has the Proposed Insured *ever* had any known indication of or been treated for: | | |
|   a. Disorder of eyes, ears, nose or throat? | ☐ | ☒ |
|   b. Neuritis, sciatica, arthritis, gout, or disorder of the muscles or bones, including spine, back or joints? | ☐ | ☒ |
|   c. Chest pain, high blood pressure, rheumatic fever, heart murmur, heart attack or other disorder of the heart or blood vessels? | ☐ | ☒ |
|   d. Jaundice, colitis, ulcer, hernia, hemorrhoids, recurrent indigestion, or any other disorder of the stomach, intestines, liver or gall bladder? | ☐ | ☒ |
|   e. Shortness of breath; persistent hoarseness or cough, pleurisy, asthma, emphysema, tuberculosis or other respiratory disorder? | ☐ | ☒ |
|   f. Sugar, albumin, blood or pus in urine; stone or other disorder of kidney, bladder or genital organs? | ☐ | ☒ |
|   g. Dizziness, fainting, epilepsy, headache; paralysis or stroke; mental or nervous disorder; brain or nervous system disorder; speech defect? | ☐ | ☒ |
|   h. Diabetes; thyroid or other endocrine disorder? | ☐ | ☒ |
|   i. Disorder of skin or allergies? | ☐ | ☒ |
|   j. Disorder of prostate, menstrual cycle, reproductive organs or breasts, venereal disease? | ☐ | ☒ |
|   k. Deformity, lameness or amputation? | ☐ | ☒ |
|   l. Anemia, other disorder of the blood, or varicose veins? | ☐ | ☒ |
|   m. Disorder of the lymph glands; cysts; tumor or cancer? | ☐ | ☒ |
| 3. Has the Proposed Insured *ever:* | | |
|   a. Except as legally prescribed by a physician, used: cocaine, barbiturates, heroin, or any narcotic drug? | ☐ | ☒ |
|   b. Sought or received advice for, or treatment of, or been arrested for the use of alcohol, marijuana or drugs? | ☐ | ☒ |
|   c. Been rejected for, or given medical discharge from military service? | ☐ | ☒ |
| 4. Is the Proposed Insured pregnant? If "yes", what is due date? | ☐ | ☒ |
| 5. Has the Proposed Insured: | | |
|   a. Had any change in weight (more than ten pounds) *in the past year?* | ☐ | ☒ |
|   b. Ever been on restricted diet or been treated for obesity? | ☐ | ☒ |
| 6. Have any of the parents, brothers, sisters of the Proposed Insured *ever* suffered from cancer, heart problems or diabetes? If any are deceased, give age at death and cause. | ☐ | ☒ |

Full details of all "yes" answers: EXAMINED FOR PENN MUTUAL POLICIES
H 7178252, H 7346492, H 7348410B H 7428811 ALL
ISSUED STANDARD

DUPLICATE

## J HEALTH COVERAGE NOW IN FORCE AND REPLACEMENT

1. List **ALL** amounts of disability income, overhead expense and hospital indemnity coverage now in force or for which an application is pending under individual, franchise, association, group, employee salary continuation plans and government plans. If none, write "NONE".
   Is any such coverage to be changed, discontinued or replaced? ☐ Yes ☒ No. If "yes", indicate below WHICH COVERAGE and WHEN.

| COMPANY OR SOURCE | POLICY NO. | DISABILITY INCOME | | | AMOUNT OF | | TO BE REPLACED | | REPLACEMENT DATE |
| | | MONTHLY BENEFIT | 1ST BENEFIT DAY | BENEFIT PERIOD | OE | HOSP. | YES | NO | |
|---|---|---|---|---|---|---|---|---|---|
| a. PENN MUTUAL | H 4178X5Y | 1500 | 91ˢᵗ | L/L | | | ☐ | ☒ | |
| b. PENN MUTUAL | H 734649Y | 1500 | 31ˢᵗ | L/L | | | ☐ | ☒ | |
| c. PENN MUTUAL | H 734840B | | 31ˢᵗ | 15 Mo | 10,000 | | ☐ | ☒ | |
| d. PENN MUTUAL | H 7478811 | 4000 | 61ˢᵗ | L/L | | | ☐ | ☒ | |

2. Is Proposed Insured covered by Workers' Compensation? ☐ Yes ☒ No

## K FINANCIAL INFORMATION

1. If disability income or overhead expense is applied for, what is your earned income? (Annual salary, commissions, fees or other earned income. If self-employed or a member of a partnership, enter your gross earnings reduced by your regular business expenses, but before reduction for income taxes.)
   $ 250,000 to 300,000 current annual rate    $ 225,000 actual, prior calendar year
   Comments, if any, regarding change in income: PRACTICE EXPANDING RAPIDLY

2. Do you have additional income exceeding $4,800 per year from investments, rents, royalties or other sources? ☐ Yes ☒ No. If "yes", what is total additional amount? $_____

## L OVERHEAD EXPENSE INFORMATION

If this coverage is applied for, what are the Proposed Insured's average monthly expenses? (If expenses are shared, give only Proposed Insured's portion.)

$_____ Rent
$_____ Water
$_____ Heat
$_____ Electricity
$_____ Telephone
$_____ Laundry

$_____ Taxes & Mortgage Interest (not principal) Payments
$_____ Accountant Fees
$_____ Depreciation
$_____ Compensation of Employees

$_____ Maintenance Services
$_____ Property & Malpractice or Other Liability Insurance
$_____ Other _____

TOTAL
$_____

## M PREMIUM AND DEPOSIT INFORMATION

1. **PREMIUM PAYABLE:** ☐ Level premium    ☒ Step Rate premium
   Method: ☒ Direct Bill    ☐ SCP# _____    ☐ Pre-Authorized Check # _____

   Frequency: ☒ Annually    ☐ Semiannually    ☐ Quarterly    ☐ Monthly

2. **SEND PREMIUM NOTICES TO:** ☐ Proposed Insured's Residence    ☒ Proposed Insured's Business    ☐ Applicant's Address

3. **PAID BY:** ☐ Proposed Insured    ☐ Employer    ☐ Both    ☐ Other _____
   CHECK ONE:
   ☐ The applicant has paid no deposit with this Application.
   ☒ $ 511.24 has been paid as a deposit for proposed **health insurance** in exchange for the Receipt.

It is understood and agreed as follows:

1. I have read the statements and answers recorded above. They are, to the best of my knowledge and belief, true and complete and correctly recorded. They will become a part of this Application and any policy(ies) issued on it. The Company will rely on this information in making its determinations.

2. No agent, broker or medical examiner has authority to waive the answers to any question, to determine insurability, to waive any of the Company's rights or requirements, or to make or alter any contract or policy.

3. The Company has the right to require medical exams and tests to determine insurability.

4. The insurance applied for will not take effect unless the issuance and delivery of the policy and payment of the first premium occur while the health of the Proposed Insured remains as stated in the Application. The only exception to this is provided in the Receipt if the premium is paid in advance and the Receipt has been issued.

| PROPOSED INSURED | SIGNED AT | DATE |
|---|---|---|
| X | NEW YORK NY | 10/21/05 |
| APPLICANT (IF OTHER THAN PROPOSED INSURED) | I certify that I have truly and accurately recorded on this Application the information supplied by the Applicant. | |
| X | | |
| IF A FIRM OR OTHER ORGANIZATION, SIGNATURE & TITLE OF AUTHORIZED PERSON | WITNESS (LICENSED RESIDENT AGENT) | NUMBER |
| X | David Greene | 45844 |
| | PHYSICIANS ECONOMIC SERVICES, INC | |

## UNDERWRITING AUTHORIZATION TO OBTAIN INFORMATION

I authorize any physician, medical professional, hospital, clinic, other medical care institution, Medical Information Bureau, insurer, consumer reporting agency, or employer, having information available as to employment, other insurance coverage, medical care, advice, treatment or supplies with respect to any physical or mental condition regarding me to give the information to the Company or any consumer reporting agency acting on their behalf.

I understand that this information will be used by the Company to determine eligibility for insurance.

I agree this authorization is valid for two years from the date signed.

I know that I have the right to receive a copy of this authorization upon request. I agree that a photographic copy of this authorization is as valid as the original. I acknowledge receipt of the Fair Credit Reporting Act and Medical Information Bureau notices.

☐ I elect to be interviewed if an investigative consumer report is prepared in connection with this application.

☐ I elect not to have personal information disclosed to nonaffiliates of the Company for marketing purposes. I understand that such information may be given to affiliates of the Company for marketing purposes and services; however, I understand that the affiliate will not disclose the information for any other purpose or to nonaffiliates.

| PROPOSED INSURED OR AUTHORIZED REPRESENTATIVE | DATE |
|---|---|
| X | 10/21/05 |

Law Offices of Evan Sarzin, P.C.

# EXHIBIT "B"

# The Penn Mutual Life Insurance Company

## Founded 1847

### Noncancellable and Guaranteed Continuable to Age 65 at Guaranteed Premiums

**Please Read This Policy Carefully**

This policy is a legal contract between you and us. *Please read it carefully.* We want you to understand the coverage it provides.

... o the Insured shown in the policy schedule. *We* or ... nsurance Company.

**IMPORTANT NOTICE**

... cy, we insure you against disability or other loss

**CONCERNING STATEMENTS IN THE APPLICATION FOR YOUR INSURANCE**

... nown while this policy is in force; or

... injury that occurs while this policy is in force.

Please read the copy of the application attached to this policy. Omissions or misstatements in the application could cause an otherwise valid claim to be denied. Carefully check the application and write to us, One Monarch Place, Springfield, Massachusetts 01133, within ten days if any information shown on the application is not correct and complete or if any past medical history has been left out of the application. The application is a part of the policy and the policy was issued on the basis that the answers to all questions and the information shown on the application are correct and complete.

... the words sickness and injury as we have just

... nteed premiums to the premium due date on or ... ng as you pay premiums we cannot cancel this ... rease the premium.

... the premiums, you can continue coverage if you ... ast 30 hours per week. After age 65 premium ... on 8 for additional information.

/158

**Ten-Day Right to Examine This Policy**

You can return this policy within 10 days after receiving it. Mail or deliver it to our Disability Income Division or to the agent who sold it. The returned policy will be treated as if we never issued it. We will promptly refund any premium paid.

*Isabel R. Wilson*
Secretary

*Frank K. Tarbox*
Chairman and Chief Executive

Countersigned by _____ Licensed Resident Agent

A mutual company
Home office: Independence Square, Philadelphia, Pennsylvania 19172
Disability Income Division: 1250 State Street, Springfield, Massachusetts 01133

DCDR-82

84142

| | |
|---|---|
| INSURED | JOSEPH M JABBOUR MD |
| POLICY NUMBER | H7428811 |
| DATE OF ISSUE | APRIL 25, 1985 |
| POLICY DATE | MAY 1, 1985 |

**Policy Schedule**

DCDR-82

PAGE 1 OF 2

Policy Inspector

DISABILITY INCOME POLICY

PS-79

# The Penn Mutual Life Insurance Company

## Founded 1847

### Noncancellable and Guaranteed Continuable to Age 65 at Guaranteed Premiums

**Please Read This Policy Carefully**

This policy is a legal contract between you and us. *Please read it carefully*. We want you to understand the coverage it provides.

In this policy, the word *you* refers to the Insured shown in the policy schedule. *We* or *us* refers to The Penn Mutual Life Insurance Company.

**Coverage Provided by This Policy**

Subject to all provisions of this policy, we insure you against disability or other loss resulting from:

- *sickness*, which first makes itself known while this policy is in force; or
- *injury*, which is accidental bodily injury that occurs while this policy is in force.

Throughout this policy, we will use the words sickness and injury as we have just defined them.

**Your Right to Continue Coverage**

You can continue coverage at guaranteed premiums to the premium due date on or next after your 65th birthday. As long as you pay premiums we cannot cancel this policy, change any provisions or increase the premium.

Between ages 65 and 72, if you pay the premiums, you can continue coverage if you are gainfully working full-time, at least 30 hours per week. After age 65 premium increases may be required. See section 8 for additional information.

**Ten-Day Right to Examine This Policy**

You can return this policy within 10 days after receiving it. Mail or deliver it to our Disability Income Division or to the agent who sold it. The returned policy will be treated as if we never issued it. We will promptly refund any premium paid.

*Isabel R. Wilson*
Secretary

*Frank K. Tarbox*
Chairman and Chief Executive

Countersigned by _____

**DUPLICATE**

Licensed Resident Agent

A mutual company
Home office: Independence Square, Philadelphia, Pennsylvania 19172
Disability Income Division: 1250 State Street, Springfield, Massachusetts 01133

DCDR-82

84142

| | | |
|---|---|---|
| **INSURED** | JOSEPH M JABBOUR MD | **Policy Schedule** |
| **POLICY NUMBER** | H7428811 | DCDR-82 |
| **DATE OF ISSUE** | APRIL 25, 1985 | |
| **POLICY DATE** | MAY 1, 1985 | PAGE 1 OF 2 |

Policy Inspector

# Section 1. Your Contract With Us

**This Policy Is A Contract**

This policy is a contract between you and us. We provide the insurance coverage stated in this policy. We do this in return for your application and payments called premiums. The premiums for this policy are shown in the policy schedule.

Whenever we use the word *policy*, we mean the entire contract. The entire contract consists of:
- the basic policy;
- the application, a copy of which is attached; and
- any attached riders or endorsements.

Riders and endorsements add provisions or change the terms of the basic policy.

**Policy Effective Date**

This policy goes into effect on the Date of Issue, or on the day we receive the full first premium if later.

The full first premium is the premium under the payment plan you choose. See Section 7 for the premium payment plans permitted under this policy.

**Policy Date**

The Policy Date is shown in the policy schedule. It is used to figure all premium due dates, policy years and anniversaries.

# Section 2. Disabilities Defined

This policy provides benefits for total and residual disability. Here we explain what these terms mean. We also define other terms used in this policy.

**Total Disability Defined**

You will be considered *totally disabled* if all these conditions are met:
- You are unable to do the substantial and material duties of your regular occupation. Your *regular occupation* is your usual work when total disability starts. If you are ~~retired, meaning when total disability starts, your regular occupation will be~~ ~~considered that of a retired person of like age and sex.~~
- Your total disability starts while this policy is in force.
- Your total disability results from sickness or injury.
- ~~You are under a doctor's care.~~ *Doctor* means a licensed physician other than yourself.

However, after 60 months of continuous total disability from the First Benefit Day, you ~~must also meet this condition:~~
- ~~You are not working in any reasonable occupation.~~ A *reasonable occupation* is any gainful work you can do based on your education, training or experience, and with due regard to your earnings before total disability starts.

SEE ATTACHED RIDER
TITLED
DEFINITION OF TOTAL
DISABILITY RIDER
STAMP No. 80152

**Residual Disability Defined**

You will be considered *residually disabled* if all these conditions are met:
- You are able to do some but not all of the substantial and material duties of your regular occupation, or you are able to do all of the substantial and material duties of your regular occupation but for less than full-time.
- You are working, and your earnings during a month do not exceed 80% of your pre-disability earnings.
- Your residual disability results from sickness or injury.
- You are under a doctor's care.

### How We Calculate Your Loss of Earnings

Your *loss of earnings* equals your pre-disability earnings minus your earnings during each month of residual disability. Your *earnings* means compensation for work you have done. For instance, salary, wages, commissions or fees. Earnings are credited to the period in which they are earned, not the period in which they are actually received. Earnings do not include:
- dividends, interest, rent, royalties or other investment income;
- income from any annuity, pension or deferred compensation plan; or

3

| | |
|---|---|
| **Residual Disability Defined (Continued)** | • amounts deductible from gross income as a business expense for federal income tax purposes. |
| | Your *pre-disability earnings* means the greater of: |
| | • your average monthly earnings for the 12 months before disability starts; or |
| | • your highest average monthly earnings for any 24 consecutive months in the 36 months before disability starts. |
| | We will require reasonable proof of any loss of earnings. |
| **Presumptive Total Disability** | If sickness or injury results in a specified loss, then you will be deemed to be totally disabled for as long as the loss lasts. You will be deemed totally disabled even if you are working. You will not need to be under a doctor's care. A specified loss is total and permanent loss of: |
| | • sight, speech or hearing; |
| | • use of both hands or both feet; or |
| | • use of a hand and a foot |
| | If a specified loss occurs, the First Benefit Day for total disability will not be later than the date of loss. |

# Section 3. Disability Benefits

| | |
|---|---|
| **Total Disability Benefit** | Starting with the First Benefit Day shown in the policy schedule we will pay you a benefit for each total disability. We will pay the benefit for as long as your total disability continues. But we will not pay benefits if the combined period for which total and residual disability benefits are paid exceeds the Maximum Benefit Period shown in the policy schedule. |
| | *Amount of The Benefit* |
| | For each full month of total disability, we will pay you the Monthly Benefit for Total Disability. The amount of this benefit is shown in the policy schedule. For each day of a period of total disability that is less than a month we will pay 1/30th of this benefit. |
| **Residual Disability Benefit** | Starting with the First Benefit Day shown in the policy schedule we will pay you a benefit for each residual disability. We will pay the benefit for as long as your residual disability continues. But we will not pay residual disability benefits: |
| | • if the combined period for which total and residual disability benefits are paid exceeds the Maximum Benefit Period. |
| | • for longer than 36 months, if disability begins after your 55th birthday and you were not totally disabled for at least 180 days; or |
| | • beyond your 65th birthday. |
| | *For example: Suppose your First Benefit Day is the 31st day of total and/or residual disability. You are residually disabled for 3 months and totally disabled thereafter. You would not receive benefits for the first 30 days. But you would receive residual disability benefits for the next 2 months and then total disability benefits thereafter.* |
| | *Amount of The Benefit* |
| | For each month during which you are residually disabled, we will pay you a portion of the Monthly Benefit for Total Disability. The portion is your loss of earnings divided by your pre-disability earnings. |

4

DUPLICATE

| | |
|---|---|
| **Residual Disability Benefit (Continued)** | *For example: Suppose you are residually disabled. Your current monthly earnings are $2,000. Your pre-disability earnings were $5,000. Your loss of earnings is $3,000. Your residual disability benefit for that month will be 60% ($3,000/$5,000) of the Monthly Benefit for Total Disability.*

During the first six months in which you are entitled to residual benefits we will pay you the greater of:
• 50% of the Monthly Benefit for Total Disability; or
• the residual disability benefit determined for each month.

If your loss of earnings is more than 80% of your pre-disability earnings, we will pay you the full Monthly Benefit for Total Disability.

If benefits during a month are paid for both total and residual disability the combined benefit for that month cannot exceed the Monthly Benefit for Total Disability. |
| **Benefit If You Die While Disabled** | If you die while receiving benefits under this policy and if you were totally disabled for at least 24 months prior to your date of death, we will pay a benefit to your beneficiary. We will pay the Monthly Benefit for Total Disability for up to three months but not beyond the remainder of the Maximum Benefit Period.

We must receive written notice of your death. See *Notice of Claim* in Section 6. |
| **Waiver of Premiums** | If you are totally and/or residually disabled for a continuous period of at least 90 days:
• we will waive premiums coming due during the disability; and
• we will refund any payments made for premiums due during the disability.

We will continue to waive premiums until you are no longer totally or residually disabled. But no premium that on or after your 65th birthday will be waived or refunded.

While premiums are waived, this policy stays in force even though you do not pay premiums. Once premiums are no longer waived, this policy stays in force until the next premium due date. At that time premiums again become payable. |

# Section 4. Losses Not Covered

| | |
|---|---|
| **Pregnancy** | We do not cover disability or other loss resulting from childbirth or pregnancy, except complications of pregnancy. Complications are physical conditions doctors consider distinct from pregnancy even though caused or worsened by pregnancy.

An example of a complication is a caesarean birth. Examples of conditions that are not complications include false labor and morning sickness. |
| **War** | We do not cover disability or other loss resulting from any type of military conflict. This includes war, declared or not, or any act of war. |

# Section 5. Other Provisions Affecting Benefits

| | |
|---|---|
| **More Than One Disability at The Same Time** | In no event will you be considered to have more than one disability, total or residual, at the same time. Once a continuous period of disability starts, we consider it one period no matter what sicknesses or injuries cause it to continue. |
| **Continuous Periods of Disability** | A continuous period of disability ends when you are no longer totally or residually disabled. However, a later, separate period of disability will be considered continuous with a prior period if it:
• starts within 6 months after the end of the prior period; and
• results, in whole or in part, from the same or a related sickness or injury. |

5

| | |
|---|---|
| **Continuous Periods of Disability (Continued)** | If periods of disability are considered continuous, they count as a single period. The total and residual disability portions of this period count toward the same:.<br>• First Benefit Day; and<br>• Maximum Benefit Period.<br><br>*For example: Suppose you suffer a heart attack. You receive total, then residual disability benefits for several months. You then return to work full-time, but 4 months later you are totally disabled by another heart attack. The disability periods are considered continuous. You would receive benefits from the first day of this later period for up to the remainder of the Maximum Benefit Period.* |
| **Rehabilitation** | We will consider helping you pay the costs of a rehabilitation program if you are receiving total disability benefits under this policy. You must send us a written request. The extent of our help will be determined by written agreement with you. Total Disability benefits will be continued during the rehabilitation program. |
| **Transplant Donor** | You might be disabled from the transplant of part of your body to the body of another. If the transplant occurs while this policy is in force, we will consider the disability as resulting from sickness. |

## Section 6: Claims for Benefits

For you to receive benefits, we must receive:
• written notice of your claim to benefits; and
• proof of your loss.

The details on how to claim benefits are discussed below.

| | |
|---|---|
| **Notice of Claim** | You or your beneficiary must give us written notice of claim within 20 days after any covered loss starts or as soon as reasonably possible. Someone acting for you or your beneficiary can give notice instead. Send notice to us or to any of our agents. The notice should include your name and policy number. |
| **Claim Forms** | When we receive your notice of claim, we will send you claim forms. These forms ask for facts that prove your loss. We will send you these forms within 15 days after you give notice. If we do not, we will accept your written proof of your loss. The proof must describe how the loss occurred, its nature and its extent. This proof must be given within the time stated under *Proofs of Loss* in this Section. |
| **Proofs of Loss** | You must give us written proof of loss within 90 days after:<br>• each total or residual disability period for which we are liable; or<br>• the occurrence of any other loss for which you are covered.<br><br>If you fail to give proof within this time because it is not reasonably possible, we will not reduce or deny your claim. But you must give proof of loss as soon as it is reasonably possible to do so. And you must give this proof within one year after the time limit unless you are legally unable to do so. |
| **Time of Payment of Claims** | After we receive proof of loss, we will pay monthly all benefits then due for total or residual disability. When disability ends, we will pay any balance due as soon as we receive proof of loss.<br><br>We will pay benefits for any other loss as soon as we receive proof of loss. |

6

| | |
|---|---|
| *Payment of Claims* | Benefits for loss of life, if any, will be paid to the named beneficiary. If none is named, we will pay such benefits to your estate. We will pay all other benefits to you. If we still owe you benefits at your death, we will pay your beneficiary or estate. |
| | If any benefit is payable to your estate, we can pay up to $1,000 to any relative by blood or marriage we believe is entitled to it. The same applies for benefits payable to you or a beneficiary who cannot give a valid release. Any such payment we make in good faith fulfills our obligation to the extent of the payment. |
| *Physical Examinations* | We can require you to have a physical examination as often as is reasonable while a claim is pending. We will pay its cost. |
| *Legal Actions* | You cannot start any legal action against us for benefits until 60 days after you give required proof of loss. See *Proofs of Loss* in this Section. You also cannot start any legal action more than 3 years after the time limit for giving proof of loss. |
| *Change of Beneficiary* | You may name one or more beneficiaries to receive any accrued benefits or other amounts payable at your death. You can change the beneficiary at any time by giving us written notice. Unless the designation of the beneficiary is irrevocable, his or her consent is not required to: |
| | • change the beneficiary; or |
| | • make any other changes in this policy. |
| *Error in Age or Sex* | If your age or sex has been misstated, the benefits under this policy will be those the premiums paid would have bought at the correct age and sex. |

# Section 7. Your Premium Payments

| | |
|---|---|
| *When to Pay Premiums* | The premiums for this policy are shown in the policy schedule. Premiums are payable during your lifetime for the period shown in the policy schedule. |
| | You can pay premiums annually, semi-annually or quarterly. With our consent, you can pay on a monthly basis. But you cannot change to a less frequent payment plan while you are totally or residually disabled. |
| *Grace Period* | After the first premium, you can pay any premium within 31 days after its due date. These 31 days are called the grace period. During this period this policy stays in force. |
| *Reinstatement* | If you do not pay a premium by the end of its grace period, this policy ceases to be in force. However, we may allow this policy to be reinstated. |
| | If we or one of our agents later accepts the premium without requiring a reinstatement application, this policy is reinstated. If a reinstatement application is required, you will be given a conditional receipt for the premium. This policy is then reinstated as of the approval date if we approve your application. Lacking such approval, this policy will be reinstated on the 45th day after the date of the receipt if we do not send you notice of disapproval by then. |
| | The reinstated policy will only cover disability or other loss resulting from: |
| | • injury that occurs after the reinstatement date; or |
| | • sickness that first makes itself known more than ten days after the reinstatement date. |
| | In all other respects your rights and ours remain the same, subject to any riders or endorsements added to this policy at the time of reinstatement. |

7

We will refund that part of any premium paid which covers a period after your death. We must receive written notice of your death. See *Notice of Claim* in Section 6.

# Section 8. Continuing This Policy

In this Section we explain how you can continue this policy. We also describe how you can suspend coverage while in military service.

*Your Right to
Continue This
Policy to Age 65*

You can continue this policy until the premium due date on or next after your 65th birthday. As long as you pay the premiums shown in the policy schedule on time:
* we cannot cancel this policy;
* we cannot change any provision or add any restriction; and
* we cannot increase the premium or add any charge for this policy.

*Your Right to
Continue This Policy
Between Ages 65
and 72*

*Continuing This Policy While Regularly and Gainfully Working Full-time and Not Disabled*

You can continue this policy after your 65th birthday as long as both these conditions are met:
* You pay the required premiums on time.
* You are regularly and gainfully working full-time, at least 30 hours a week. We can require reasonable proof of such work.

This policy may be continued until the earlier of:
* the first premium due date on which you are no longer regularly and gainfully working full-time; or
* the premium due date on or next after your 72nd birthday.

If we accept a premium covering a period after the policy ends, this policy will stay in force until the end of the period.

*Premium Increase May Be Required*
Premiums payable after age 65 will be based on our rates then in effect for insureds aged 65 in your rate class. We have the right at any time after age 65 to change our rates for this policy. But we cannot change your rate class.

*Your Right to Suspend
Coverage During
Military Service*

You have the right to suspend this policy if you enter full-time active duty in the United States Armed forces. Active duty does not include training that lasts 3 months or less. You must send us written notice that you want to suspend. Coverage will cease as of the day we receive your notice. And we will refund that part of any premium paid covering the suspended period.

If you end active duty within 5 years from the date this policy is suspended, you can reinstate this policy under this provision. You will not have to prove you are still insurable. You must send us written notice that you want to reinstate. And you must pay the required premium within 3 months after your active duty ends. Premiums will be at the same rate as if this policy had not been suspended. Your rights and ours under the reinstated policy will both be the same as under the policy before the date on which coverage was suspended.

# Section 9. Other Important Provisions

*Contesting This Policy*

*Misstatements in The Application*
We rely on the statements you make in your application. We will not contest those statements after this policy has been in effect for 2 years during your lifetime. Any length of time you are disabled is excluded in computing this 2 year period.

8

| | |
|---|---|
| *Contesting This Policy (Continued)* | *Pre-Existing Conditions Limitations*<br>If disability starts or a loss is incurred more than 2 years after the Date of Issue, we will not reduce or deny the claim on the ground that a sickness or physical condition existed before this policy's effective date. This does not apply to any sickness or physical condition excluded from coverage by name or specific description. |
| *Transfer of Rights* | You can assign any rights you have under this policy. But no assignment is binding on us until we receive a copy of it. We are not responsible for the validity of any assignment. |
| *Authority to Make Changes* | No change in this policy will be valid until approved by one of our executive officers. This approval must be attached to this policy or endorsed on it. No agent has authority to change or waive any of the provisions of this policy. |
| *State Laws* | Any provision of this policy that, on the policy effective date, conflicts with state laws where you then reside is changed to meet the minimum requirements of those laws. |



9



# The Penn Mutual
# Life Insurance Company

Disability Income Division: Springfield, Massachusetts 01133

## *Lifetime Benefit For Specified Loss Rider*

This rider provides lifetime benefits if you sustain a specified loss.

| | |
|---|---|
| **Maximum Benefit Period Extension** | We will extend the Maximum Benefit Period for this policy shown in the policy schedule if sickness or injury results in a specified loss. A specified loss is total and permanent loss prior to your 60th birthday of: <br> • sight, speech or hearing; <br> • use of both hands or both both feet; or <br> • use of a hand and a foot. <br><br> If a specified loss occurs, the Maximum Benefit Period will be changed to read as follows: <br><br> MAXIMUM BENEFIT PERIOD: <br><br>     YOUR LIFETIME IF TOTAL DISABILITY STARTS BEFORE YOUR 60TH BIRTHDAY, OTHERWISE UNTIL YOUR 65TH BIRTHDAY BUT NOT LESS THAN 24 MONTHS |
| **Rider Termination** | This rider will end on the premium due date on or next after your 65th birthday. When this rider ends, we will no longer charge you a premium for it. |
| **Premiums for This Rider** | The annual premium for this rider is shown in the policy schedule. |

This rider is a part of the policy to which it is attached.

*Leslie R. Wil...*
Secretary

*John E. Tait*
Chairman and Chief Executive Officer

DUPLICATE

84055



# The Penn Mutual
# Life Insurance Company

Disability Income Division:  Springfield, Massachusetts 01133

---

## *Ten Percent Premium Reduction Rider*

---

*Premium Reduction*     The premiums otherwise payable for this policy will be reduced by 10%.

---

This rider is a part of the policy to which it is attached.


*Isabel R. Wilson*
Secretary

*Frank K. Tarbox*
Chairman and Chief Executive

DUPLICATE

84107



# The Penn Mutual
# Life Insurance Company

Disability Income Division:  Springfield, Massachusetts 01133

---

## Definition of Total Disability Rider

In this policy there is the provision *Total Disability Defined*. This provision is changed to read as follows.

**Total Disability Defined**

You will be considered totally disabled if all these conditions are met:

* You are unable to do the substantial and material duties of your regular occupation. Your *regular occupation* is your usual work when total disability starts. If you are retired and not working when total disability starts, your regular occupation will be the normal activities of a retired person of like age and sex.
* Your total disability starts while this policy is in force.
* Your total disability results from sickness or injury.
* You are under a doctor's care. *Doctor* means a licensed physician other than yourself.

This rider is a part of the policy to which it is attached.

*Isabel R. Wilson*
Secretary

*Frank K. Tarbox*
Chairman and Chief Executive

DUPLICATE

84008



# The Penn Mutual Life Insurance Company

Disability Income Division: Springfield, Massachusetts 01133

## Policy Amendment Rider

In this policy there is the Section *Your Premium Payments.* The following provision is added to this Section.

**Pattern of Premium Payments**

The premiums for this policy will increase on the date shown in the policy schedule.

You have the right to increase your premium payments before that date. The new premium will be payable for your lifetime but not beyond the premium due date on or next after your 65th birthday. This change will be made subject to the following conditions:

- You must request the change in writing.
- You must pay any additional premium required.
- The change cannot be made earlier than the premium due date on or after the later of:
  a) your 28th birthday; or
  b) the third anniversary of this policy.

The new premium for the policy will be equal to 92% of our rates in effect on the Date of Issue for your rate class on that date. But the premium will be for your age on the date of change.

This rider is a part of the policy to which it is attached.

*Laura M. Nasso*
Secretary

*Robert E Chappell*
Chairman and Chief Executive Officer

84014

(PMUT-RIDER-84014)



# The Penn Mutual
# Life Insurance Company

Disability Income Division: Springfield, Massachusetts 01133

## *Policy Amendment Rider*

In this policy there is the Section *Continuing This Policy*. This Section is amended as follows.

We will consider disability which results solely from injury which is incurred while the policy is in force and which starts within 30 days after this policy ends as starting while this policy is in force.

This rider is a part of the policy to which it is attached.

*Isabel R. Wilson*
Secretary

*Frank K. Tarbox*
Chairman and Chief Executive

DUPLICATE

84147



# The Penn Mutual
# Life Insurance Company

Disability Income Division:  Springfield, Massachusetts 01133

---

## *Policy Amendment Rider*

In this policy there is the provision *Residual Disability Benefit*. This provision is changed to read as follows.

---

**Residual Disability Benefit**

Starting with the First Benefit Day shown in the policy schedule we will pay you a benefit for each residual disability. We will pay the benefit for as long as your residual disability continues. But we will not pay residual disability benefits if the combined period for which total and residual disability benefits are paid exceeds the Maximum Benefit Period.

Also, we will not pay residual benefits:
- beyond your 65th birthday if disability benefits start before your 64th birthday;
- for longer than 12 months, if disability starts between your 64th and 65th birthday; or
- if disability starts after your 65th birthday.

*For example: Suppose your First Benefit Day is the 31st day of total and/or residual disability. You are residually disabled for 3 months and totally disabled thereafter. You would not receive benefits for the first 30 days. But you would receive residual disability benefits for the next 2 months and then total disability benefits thereafter.*

### Amount of The Benefit
For each month during which you are residually disabled, we will pay you a portion of the Monthly Benefit for Total Disability. The portion is your loss of earnings divided by your pre-disability earnings.

*For example: Suppose you are residually disabled. Your current monthly earnings are $2,000. Your pre-disability earnings were $5,000. Your loss of earnings is $3,000. Your residual disablity benefit for that month will be 60% ($3,000/$5,000) of the Monthly Benefit for Total Disability.*

During the first six months in which you are entitled to residual benefits we will pay you the greater of:
- 50% of the Monthly Benefit for Total Disability; or
- the residual disability benefit determined for each month.

If your loss of earnings is more than 80% of your pre-disability earnings, we will pay you the full Monthly Benefit for Total Disability.

If benefits during a month are paid for both total and residual disability the combined benefit for that month cannot exceed the Monthly Benefit for Total Disability.

---

This rider is a part of the policy to which it is attached.

*Isabel R. Wilson*
Secretary

*Frank K. Tarbox*
Chairman and Chief Executive

84162


**THE PENN MUTUAL LIFE INSURANCE COMPANY**
HOME OFFICE-PHILADELPHIA, PENNSYLVANIA
Disability Income Division: 1250 State Street, Springfield, Massachusetts 01133

Application For Health Insurance

MAY. 3 1985

## Ⓐ PROPOSED INSURED

**1. PRINT NAME AS IT IS TO APPEAR ON POLICY** JOSEPH M. JABBOUR MD

**POLICY NUMBER** 7428811

**2.** ☐ Mr. ☐ Mrs. ☐ Miss ☐ Ms. ☒ Other title _DOCTOR_

**3. SOCIAL SECURITY NUMBER** 069 - 40 - 3732

**4. RESIDENCE**
Street 11 FIFTH AVENUE
Apt. No. 19K
City NEW YORK, NY
State _____ Zip code 10003

**5. BIRTHDATE (MO / DAY / YR)** 5-23-50

**6. BIRTHPLACE (STATE)** NEW YORK

**7. HEIGHT** 6 Ft. 2 In.

**8. WEIGHT** 185 Lbs.

**9. SEX** ☒ Male ☐ Female

**10. MARITAL STATUS** MARRIED

**11. PHONE NUMBER** (212) 674-0434

## Ⓑ PROPOSED INSURED'S OCCUPATION

**1. EMPLOYER** SELF

**2. PHONE NUMBER** (212) 674-5200

**3. BUSINESS ADDRESS**
Street 20 FIFTH AVENUE
City NEW YORK
State NY Zip code 10003

**4. NATURE OF EMPLOYER'S BUSINESS** PLASTIC SURGERY PRACTICE

**5. OCCUPATION AND EXACT DAILY DUTIES** MICROSURGEON AND ALL THE DUTIES PERTAINING TO THE PRACTICE OF PLASTIC AND RECONSTRUCTIVE SURGERY

**6. LENGTH OF CURRENT EMPLOYMENT** 1 yrs years
Are you actively working in your occupation? ☒ Yes ☐ No.

**7. OTHER EMPLOYMENT LAST FIVE YEARS** NEW YORK UNIVERSITY DEPT OF PLASTIC SURGERY AND RECONSTRUCTIVE PLASTIC SURGERY

**8.** Do you work part-time or have another full-time job? ☐ Yes ☒ No. If "Yes", describe.

## Ⓒ BASIC POLICY APPLIED FOR

| | | POLICY FORM | BENEFIT AMOUNT STEP-RATE PLAN | BENEFIT PERIOD | FIRST BENEFIT DAY |
|---|---|---|---|---|---|
| 1. Disability Income | a. | CDR-82 NSR | $ 4000 /mo. | AGE 65 | 61st DAY |
| | b. | | $ /mo. | | |
| 2. Overhead Expense | | | $ /mo. | | |

## Ⓓ OPTIONAL BENEFITS APPLIED FOR (Specify Benefit Name, Benefit Period and Amount, etc.)

STEP-RATE PLAN, LIFETIME EXTENSION LOSS OF USE, INCLUDE VOLUME DISCOUNT NON-SMOKER DISCOUNT, MABS MEMBER DISCOUNT, AS PER PROPOSAL ATTACHED AGE 35- SPECIALTY LETTER WITH POLICY

## Ⓔ APPLICANT AND OWNER (If Other Than Proposed Insured)

**1. NAME AND ADDRESS OF APPLICANT (IF OTHER THAN PROPOSED INSURED)**

**SOCIAL SECURITY NO.** __ __ __

**RELATIONSHIP TO PROPOSED INSURED**

**2. OWNER OF POLICY**
☐ Proposed Insured ☐ Applicant

D-38629

DUPLICATE

(B) MEDICAL HISTORY (Complete questions 1 through 6. 1-6 may be omitted if a medical exam is being furnished.)

| **Full details of all "yes" answers must be given below.** Identify question and give diagnoses, dates, durations and name and address of each attending doctor and/or medical facility. | YES | NO |
|---|---|---|
| **1. Has the Proposed Insured *within the past five years*:** | | |
| a. Been examined by or consulted a physician or other practitioner, had surgery or been an in-patient in a hospital, clinic, sanitorium or other medical facility? | ☒ | ☐ |
| b. Had any treatment or medication prescribed or surgery advised? | ☐ | ☒ |
| c. Ever been advised to have any diagnostic test, hospitalization or surgery which was not completed? | ☐ | ☒ |
| d. Had an X-ray, ECG, blood, urine or other laboratory test? | ☐ | ☒ |
| **2. Has the Proposed Insured *ever* had any known indication of or been treated for:** | | |
| a. Disorder of eyes, ears, nose or throat? | ☐ | ☒ |
| b. Neuritis, sciatica, arthritis, gout, or disorder of the muscles or bones, including spine, back or joints? | ☐ | ☒ |
| c. Chest pain, high blood pressure, rheumatic fever, heart murmur, heart attack or other disorder of the heart or blood vessels? | ☐ | ☒ |
| d. Jaundice, colitis, ulcer, hernia, hemorrhoids, recurrent indigestion, or any other disorder of the stomach, intestines, liver or gall bladder? | ☐ | ☒ |
| e. Shortness of breath; persistent hoarseness or cough, pleurisy, asthma, emphysema, tuberculosis or other respiratory disorder? | ☐ | ☒ |
| f. Sugar, albumin, blood or pus in urine; stone or other disorder of kidney, bladder or genital organs? | ☐ | ☒ |
| g. Dizziness, fainting, epilepsy, headache; paralysis or stroke; mental or nervous disorder; brain or nervous system disorder; speech defect? | ☐ | ☒ |
| h. Diabetes; thyroid or other endocrine disorder? | ☐ | ☒ |
| i. Disorder of skin or allergies? | ☐ | ☒ |
| j. Disorder of prostate, menstrual cycle, reproductive organs or breasts, venereal disease? | ☐ | ☒ |
| k. Deformity, lameness or amputation? | ☐ | ☒ |
| l. Anemia, other disorder of the blood, or varicose veins? | ☐ | ☒ |
| m. Disorder of the lymph glands; cysts; tumor or cancer? | ☐ | ☒ |
| **3. Has the Proposed Insured *ever*:** | | |
| a. Except as legally prescribed by a physician, used: cocaine, barbiturates, heroin, or any narcotic drug? | ☐ | ☒ |
| b. Sought or received advice for, or treatment of, or been arrested for the use of alcohol, marijuana or drugs? | ☐ | ☒ |
| c. Been rejected for, or given medical discharge from military service? | ☐ | ☒ |
| **4. Is the Proposed Insured pregnant? If "yes", what is due date?** | ☐ | ☒ |
| **5. Has the Proposed Insured:** | | |
| a. Had any change in weight (more than ten pounds) *in the past year?* | ☐ | ☒ |
| b. Ever been on restricted diet or been treated for obesity? | ☐ | ☒ |
| **6.** Have any of the parents, brothers, sisters of the Proposed Insured *ever* suffered from cancer, heart problems or diabetes? If any are deceased, give age at death and cause. | ☐ | ☒ |

*Full details of all "yes" answers:*

EXAMINED FOR TWO PENN MUTUAL POLICIES IN 1984 WITH MEDICALS #H 73484108 AND H 7346494 BOTH ISSUED STANDARD AND #650,000 LIFE INSURANCE WM. PENN ALSO ISSUED STANDARD

DUPLICATE

**Ⓐ** HEALTH COVERAGE NOW IN FORCE AND REPLACEMENT

1. List **ALL** amounts of disability income, overhead expense and hospital indemnity coverage now in force or for which an application is pending under individual, franchise, association, group, employee salary continuation plans and government plans. If none, write "NONE".

   Is any such coverage to be changed, discontinued or replaced?  ☐ Yes  ☒ No.  If "yes", indicate below WHICH COVERAGE and WHEN.

| COMPANY OR SOURCE | POLICY NO. | DISABILITY INCOME | | | AMOUNT OF | | TO BE REPLACED | | REPLACEMENT DATE |
| | | MONTHLY BENEFIT | 1ST BENEFIT DAY | BENEFIT PERIOD | OE | HOSP. | YES | NO | |
|---|---|---|---|---|---|---|---|---|---|
| a. PENN MUTUAL | H717325Y | 1500 | 90/90 | 4L | | | ☐ | ☒ | |
| b. PENN MUTUAL | H734649Y | 1500 | 30/30 | 4L | | | ☐ | ☒ | |
| c. PENN MUTUAL | H734849OB | | 30/30 | 1ST 6 mos | 10000 | | ☐ | ☒ | |
| d. | | | | | | | ☐ | ☐ | |

2. Is Proposed Insured covered by Workers' Compensation? ☐ Yes ☒ No

**Ⓚ** FINANCIAL INFORMATION

1. If disability income or overhead expense is applied for, what is your earned income? (Annual salary, commissions, fees or other earned income. If self-employed or a member of a partnership, enter your gross earnings reduced by your regular business expenses, but before reduction for income taxes.)

   $ _300 000_ current annual rate   $ _200 000_ actual, prior calendar year
   Comments, if any, regarding change in income: _PRACTICE EXPANDING RAPIDLY_

2. Do you have additional income exceeding $4,800 per year from investments, rents, royalties or other sources? ☐ Yes ☒ No. If "yes", what is total additional amount? $ _____

**Ⓛ** OVERHEAD EXPENSE INFORMATION

If this coverage is applied for, what are the Proposed Insured's average monthly expenses? (If expenses are shared, give only Proposed Insured's portion.)

$ _____ Rent      $ _____ Taxes & Mortgage      $ _____ Maintenance Services
$ _____ Water        Interest (not principal) $ _____ Property & Malpractice or
$ _____ Heat         Payments                     Other Liability Insurance
$ _____ Electricity  $ _____ Accountant Fees   $ _____ Other _____
$ _____ Telephone    $ _____ Depreciation
$ _____ Laundry      $ _____ Compensation of   TOTAL
                                      Employees          $ _____

**Ⓜ** PREMIUM AND DEPOSIT INFORMATION

1. **PREMIUM PAYABLE:** ☒ Level premium          ☒ Step Rate premium
   Method: ☒ Direct Bill   ☐ SCP# _____   ☐ Pre-Authorized Check # _____

   Frequency: ☒ Annually   ☐ Semiannually   ☐ Quarterly   ☐ Monthly

2. **SEND PREMIUM NOTICES TO:** ☐ Proposed Insured's Residence   ☒ Proposed Insured's Business   ☐ Applicant's Address

3. **PAID BY:** ☒ Proposed Insured   ☐ Employer   ☐ Both   ☐ Other _____

   **CHECK ONE:**
   ☐ The applicant has paid no deposit with this Application.
   ☒ $ 68.97 has been paid as a deposit for proposed **health insurance** in exchange for the Receipt.

DUPLICATE

It is understood and agreed as follows:

1. I have read the statements and answers recorded above. They are, to the best of my knowledge and belief, true and complete and correctly recorded. They will become a part of this Application and any policy(ies) issued on it. The Company will rely on this information in making its determinations.

2. No agent, broker or medical examiner has authority to waive the answers to any question, to determine insurability, to waive any of the Company's rights or requirements, or to make or alter any contract or policy.

3. The Company has the right to require medical exams and tests to determine insurability.

4. The insurance applied for will not take effect unless the issuance and delivery of the policy and payment of the first premium occur while the health of the Proposed Insured remains as stated in the Application. The only exception to this is provided in the Receipt if the premium is paid in advance and the Receipt has been issued.

| PROPOSED INSURED | SIGNED AT | DATE |
|---|---|---|
| X | NEW YORK, NY | 4-25-8 |

I certify that I have truly and accurately recorded on this Application the information supplied by the Applicant.

APPLICANT (IF OTHER THAN PROPOSED INSURED)
X

| WITNESS (LICENSED RESIDENT AGENT) | NUMBER |
|---|---|
| PHYSICIANS ECONOMIC SERVICES | 45844 |

IF A FIRM OR OTHER ORGANIZATION, SIGNATURE & TITLE OF AUTHORIZED PERSON
X

per David Yanes Agent

## UNDERWRITING AUTHORIZATION
## TO OBTAIN INFORMATION

I authorize any physician, medical professional, hospital, clinic, other medical care institution, Medical Information Bureau, insurer, consumer reporting agency, or employer having information available as to employment, other insurance coverage, medical care, advice, treatment or supplies with respect to any physical or mental condition regarding me to give the information to the Company or any consumer reporting agency acting on their behalf.

I understand that this information will be used by the Company to determine eligibility for insurance.

I agree this authorization is valid for two years from the date signed.

I know that I have the right to receive a copy of this authorization upon request. I agree that a photographic copy of this authorization is as valid as the original. I acknowledge receipt of the Fair Credit Reporting Act and Medical Information Bureau notices.

☐ I elect to be interviewed if an investigative consumer report is prepared in connection with this application.

☐ I elect not to have personal information disclosed to nonaffiliates of the Company for marketing purposes. I understand that such information may be given to affiliates of the Company for marketing purposes and services; however, I understand that the affiliate will not disclose the information for any other purpose or to nonaffiliates.

| PROPOSED INSURED OR AUTHORIZED REPRESENTATIVE | DATE |
|---|---|
| | 4-25-81 |