UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

```
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
JOSEPH M. JABBOUR, M.D.,                    :   Civil Action No.: 07-CIV-7874 (JES)
                                            :
                 Plaintiff,                 :
                                            :   ANSWER AND AFFIRMATIVE
            v.                              :        DEFENSES
                                            :
PENN MUTUAL LIFE INSURANCE COMPANY,         :
                                            :
                 Defendant.                 :
- --- --- --- --- --- --- --- --- --- --- --- --- --- --- --- --- -- X
```

Defendant, Penn Mutual Life Insurance Company ("Penn Mutual" or "Defendant"), by and through their attorneys, White and Williams LLP, by way of Answer to the Complaint, states as follows:

**Jurisdiction and Venue**

1. Defendant avers that its principal place of business is located at Dresher Road, C1L, Horsham, Pennsylvania 19044 and admits the remaining allegations contained in paragraph "1" of the Complaint.

2. Defendant admits that the amount in controversy exceeds $75,000 exclusive of interest and costs. Defendant denies any allegations contained in paragraph "2" of the Complaint inconsistent therewith.

3. Defendant admits that Venue is proper in this District pursuant to 28 U.S.C. § 1391. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegation that a substantial part of the events giving rise to the claim occurred in this district.

4. Defendant admits that effective October 21, 1985 Penn Mutual issued policy number H7431489 to Jabbour ("PM 1") and further admits that at all times since, PM 1 has been in force and effect. Defendant avers that PM 1 is a writing that speaks for itself and refers this

Court to PM 1 for an accurate reading of its terms and conditions. Defendant denies any remaining allegations contained in paragraph "4" of the Complaint inconsistent therewith.

5. Defendant admits that since the issuance of PM 1 all premiums due and owing have been paid and further admit that PM 1 was in force and effect. Defendant denies any remaining allegations contained in paragraph "5" of the Complaint.

6. Defendant avers that PM 1 is a writing that speaks for itself and refers this Court to PM 1 for an accurate reading of its terms and conditions. Defendant denies any allegations contained in paragraph "6" of the Complaint inconsistent therewith.

7. Defendant admits that on April 8, 2002, Plaintiff advised Penn Mutual of his intention to file a claim and further that on April 11, 2002, Plaintiff withdrew that notice. Defendant further admits that on June 25, 2002, Plaintiff advised Penn Mutual of his intention to file a claim for benefits under PM 1. Defendant denies any allegations contained in paragraph "7" of the Complaint inconsistent therewith.

8. Defendant avers that PM 1 is a writing that speaks for itself and refers this Court to PM 1 for an accurate reading of its terms and conditions. Defendant denies the remaining allegations contained in paragraph "8" of the Complaint.

9. Defendant admits that effective April 25, 1985 Penn Mutual issued policy number H742881 to Jabbour ("PM 2") and further admits that at all times since, PM 2 has been in force and effect. Defendant avers that PM 2 is a writing that speaks for itself and refers this Court to PM 2 for an accurate reading of its terms and conditions. Defendant denies any remaining allegations contained in paragraph "9" of the Complaint inconsistent therewith.

10.  Defendant admits that since the issuance of PM 2 all premiums due and owing have been paid and further admit that PM 2 was in force and effect. Defendant denies any remaining allegations contained in paragraph "10" of the Complaint.

11.  Defendant admits that on April 8, 2002, Plaintiff advised Penn Mutual of his intention to file a claim and further that on April 11, 2002, Plaintiff withdrew that notice. Defendant further admits that on June 25, 2002, Plaintiff advised Penn Mutual of his intention to file a claim for benefits under PM 2. Defendant denies any allegations contained in paragraph "11" of the Complaint inconsistent therewith.

12.  Defendant admits that on or about June 25, 2002, Plaintiff was engaged in the practice of plastic surgery on a part-time basis. Defendant denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph "12" of the Complaint.

13.  Defendant avers that PM 1 is a writing that speaks for itself and refers this Court to PM 1 for an accurate reading of its terms and conditions. Defendant denies the remaining allegations contained in paragraph "8" of the Complaint.

14.  Defendant denies the allegations contained in paragraph "14" of the Complaint.

15.  Defendant admits that it has denied Total Disability benefits under PM 1 and PM 2 and denies the remaining allegations contained in paragraph "15" of the Complaint.

16.  Defendant denies the allegations contained in paragraph "16" of the Complaint.

17.  Defendant denies the allegations contained in paragraph "17" of the Complaint.

**WHEREFORE**, Defendant demands judgment in its favor and against Plaintiff dismissing the Complaint with prejudice and awarding Defendant attorney fees, costs of suit and such other and further relief as this Court deems just and proper.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff is not now, nor has he ever been Totally Disabled as that term is defined in PM 1 and PM 2.

## THIRD AFFIRMATIVE DEFENSE

If this Court finds that Plaintiff is Residually Disabled as that term is defined in PM 1 and PM 2, then Defendant is entitled to a credit for benefits paid under a reservation of rights.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff is not now, nor has he been since at least December, 2006, Residually Disabled as that term is defined in PM 1 and PM 2.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff has failed to provide the required proof of loss for either Total Disability or Residual Disability benefits as those terms are defined in PM 1 and PM 2.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff has waived his right to receive any Residual Disability benefits as that term is defined in PM 1 and PM 2.

## SEVENTH AFFIRMATIVE DEFENSE

Any change in Plaintiff's occupational duties and/or status is the result of his choice and not due to injury or sickness as required for eligibility for benefits under PM 1 and PM 2.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff had dual occupations prior to his claim for benefits under PM 1 and PM 2 and continues to be able to perform the substantial and material duties of at least one of at least one of those occupations.

DATED: November 5, 2007

WHITE AND WILLIAMS LLP

BY: _____
ROBERT WRIGHT, ESQ. (RW-0971)
One Penn Plaza
18th Floor, Suite 1801
New York, New York 10119
212.244.9500
*Attorneys for Defendant Penn Mutual Life Insurance Company*